UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHEEN MASON,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

25-CV-10347 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who provides an address for himself in Brooklyn, New York, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendant City of New York violated his

constitutional rights by subjecting him to dangerous conditions in the shelters administered by

the New York City Department of Homeless Services. While Plaintiff alleges that the allegedly

dangerous conditions exist throughout the city's shelters, the shelters that Plaintiff describes in

his complaint are all located in Brooklyn, New York. For the following reasons, this action is

transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant violated his rights in shelters throughout the City of New York, but in his complaint, he only mentions two of them: one is Harry's Place located at 977 Bedford Avenue in Brooklyn, and the other is an unidentified shelter located at 5113 Second Avenue in Brooklyn. (ECF No. 1, at 11, 12.) Allegations contained in Plaintiff's other submissions appear to confirm that a substantial portion of the events giving rise to his claims occurred in Brooklyn. *See* ECF No 7, at 1 (describing incident at 977 Bedford Avenue in Brooklyn); ECF No. 9, at 1 (describing incident at the Flushing Avenue subway station in Brooklyn); ECF No 10, at 1 (explaining that Plaintiff has resided for at least one year at a shelter located at 988 Myrtle Avenue in Brooklyn); ECF No. 12, at 1 (describing incident inside of a Brooklyn courthouse); ECF No. 14, at 1 (describing incident at a gym in Astoria, Queens and at the shelter located at 988 Myrtle Avenue in Brooklyn). Brooklyn is located in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

Because Defendant City of New York can be considered to reside in this District and the Eastern District of New York, venue is proper in both districts under Section 1391(b)(1). Even if venue is proper in this district under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Brooklyn, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at shelters located in Brooklyn, where Plaintiff resides and where Defendant can be found, and it is reasonable to expect that all relevant documents and witnesses also would be in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This order closes this case in this court.

3

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 18, 2026
        New York, New York

                 /s/ Laura Taylor Swain
                 LAURA TAYLOR SWAIN
          Chief United States District Judge